trial as a condition of making the grant. The order should be modified as in the case of Helgers v. Staten Island Midland R. Co., 69 App. Div. 570, 75 N. Y. Supp. 34, and, as so modified, affirmed.

Order modified by imposing the costs of the trial upon the defendant, and, as modified, affirmed, without costs. All concur.

---

(86 App. Div. 2°"

### KENNEALY v. WESTCHESTER ELECTRIC RY. CO.

(Supreme Court, Appellate Division, Second Department. July 24, 1903.)

1. STREET RAILROADS—INJURY TO EMPLOYE OF CONTRACTOR—DEGREE OF CARE.
An electric railway company owes to the employé of a contractor employed by it to paint the supporting poles belonging to its trolley system the exercise of reasonable care to protect him against injury.

2. SAME—NEGLIGENCE—EVIDENCE—SUFFICIENCY.
In an action against an electric railway company by an employé of a contractor engaged to paint the supporting poles of its trolley system to recover for injuries sustained by reason of his arm coming in contact with a feed wire on the system, evidence examined, and *held* sufficient to support a finding that the wire was defectively insulated at the time it was placed on the pole as a part of the original construction.

3. SAME—INSTRUCTIONS.
The refusal of the court to give an instruction requested by defendant that, if the jury were in doubt, if the evidence was equal on both sides, the verdict should be for defendant, was properly refused, the mere existence of a doubt not requiring a verdict for defendant.

Appeal from Trial Term, Westchester County.

Action by John Kennealy against the Westchester Electric Railway Company. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, HIRSCHBERG, and HOOKER, JJ.

Bayard H. Ames (Theodore Silkman and Arthur Ofner, on the brief), for appellant.

Michael J. Tierney (John J. Crennan, on the brief), for respondent.

WILLARD BARTLETT, J. The plaintiff has recovered a verdict of $5,000 damages for severe injuries to his arm, caused by coming in contact with a feed wire upon the defendant's trolley system while engaged in sandpapering one of the supporting poles preparatory to painting the same. The plaintiff was employed by a contractor, who had entered into a contract with the defendant to paint the supporting poles. The measure of the defendant's obligation to a workman under these circumstances was to use reasonable care for his protection against injury. Wells v. Brooklyn Heights R. R. Co. 67 App. Div. 212, 74 N. Y. Supp. 196, and cases there cited. The theory of the plaintiff's case was that the accident was due to the defective insulation of the feed wire at a point a short distance from the supporting pole, where his elbow came in contact with it; and, in view of the language of the complaint, the trial court held that no negligence could be predicated upon any failure properly to maintain and inspect the feed wire after it was put up, but that the defendant's

failure of duty, if made out at all, must be based upon defective construction in the first instance. In this view the plaintiff was required to establish that the alleged defective insulation of the feed wire, if it existed in fact, was a condition existing at the time the wire was placed upon the pole as a part of the original construction. The jury were instructed to pass specifically upon this question, and answered it in the affirmative. The defendant now insists that there was no evidence sufficient to sustain an adverse finding in this respect.

There was proof in the case which would authorize a finding that the insulating covering of the feed wire was lacking at the point where the plaintiff claims to have received his injury; but it is conceded that the wire had been in place about a year, and the appellant contends that evidence showing that the insulation was defective at the time of the accident did not justify the inference that the defect existed at the time of the original construction; inasmuch as there was proof that the action of the wind, causing the wires to sway, had a tendency to wear away the covering material at certain points. I think, however, that such inference might fairly be based upon the testimony offered in behalf of the defendant itself. One of the defendant's witnesses, a lineman named Lafayette R. Baut, testified that there had been no change in the feed wire or the construction at the pole where this accident occurred since the occurrence of the accident down to the time of the trial. The feed wire, he said, was in the same condition, exactly the same as it was in 1899, when he examined it immediately after the accident. The trial took place on October 14, 1902. If the condition of the pole and wire had remained unchanged from July 22, 1899, the day when the accident occurred, to October 14, 1902, the day of the trial, the jury might certainly infer that it remained unchanged from the time it was put up, a year previous to the day of the accident, up to the time of the accident.

It is not necessary to discuss the point made in regard to the alleged contributory negligence of the plaintiff, or his assumption of the risks involved in the employment, further than to say that the proof on these branches of the case not only justified, but required, the submission of both issues to the jury.

At the close of the charge, just before the jury went out, defendant's counsel requested the court to charge as follows: "If the jury is in doubt, if the evidence is equal on both sides, the verdict shall be for the defendant." The learned trial judge refused to charge this proposition, and the defendant's counsel excepted. The refusal was not error. The request involved two propositions: (1) That, if the jury were in doubt, the verdict should be for the defendant; and (2) that, if the evidence was equal on both sides, the verdict should be for the defendant. The first of these propositions was incorrect. The mere existence, even, of a reasonable doubt in the minds of jurors in a civil case, does not require them to find for the defendant. The second proposition—that, if the evidence was equal on both sides, the verdict should be for the defendant—was correct, but the trial court was not bound to give that instruction, coupled as it was with the previous erroneous proposition of law. He had already charged the jury fully in regard to the burden which the law imposed upon the plaintiff to

establish his case by a preponderance of evidence, and this, under the circumstances, was sufficient. The judgment should be affirmed.

Judgment and order unanimously affirmed, with costs. All concur.