SYLVIA WEINFELD, an Infant, by JACK WEINFELD, Her Guardian ad Litem, Appellant, *v.* RITEWAY CONSTRUCTION CORPORATION, Respondent.

First Department, May 29, 1931.

*Harry A. Gair* of counsel [*Joseph H. Freedman*, attorney], for the appellant.

*Paul F. Diggins* of counsel [*Nadal, Jones & Mowton*, attorneys], for the respondent.

Per Curiam. In this action, brought to recover damages for personal injuries, the court after the conclusion of its main charge to the jury, at the request of counsel for the defendant, charged: " If the jury is in doubt as to how this accident occurred or cannot determine after weighing the credible, believable evidence, their verdict must be for the defendant."

Plaintiff's counsel by appropriate exception called the court's attention to the fact that this charge " calls for the application of the reasonable doubt doctrine and not the preponderance of the evidence."

The court, however, refused to correct the charge by proper instruction. This left the jury with the impression that any doubt or a reasonable doubt must be resolved in favor of the defendant. Such instruction was clearly erroneous. (See *Kennealy* v. *Westchester Electric R. Co.,* 86 App. Div. 293.) The issue of fact in the case was sharply contested and this erroneous instruction, coming as it did at the very end of the court's charge, must have prejudiced plaintiff's case and cannot be disregarded.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

Present — Finch, P. J., McAvoy, Martin, O'Malley and Townley, JJ.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.